

FILED & JUDGMENT ENTERED
Steven T. Salata

September 7 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

IN RE:

Donald Blair Coleman  
Nellie Elizabeth Coleman  
SSN#: XXX-XX-0984  
SSN#: XXX-XX-1809  

Chapter 13

CASE NO: 13-31622

Related Document #: 53

**ORDER DEEMING MORTGAGE LOAN ACCOUNT CURRENT, INCLUDING THE CURE OF ANY PRE-PETITION AND POST-PETITION ARREARAGES**
**AND**
**INSTRUCTING DEBTORS TO RESUME DIRECT MORTGAGE PAYMENTS**

**REAL PROPERTY CREDITOR: SETERUS INC**

| Trustee Claim # | Clerk Claim # | Filed Claim Amount | Claim Type |
|---|---|---|---|
| 4 | 12 | $64,015.93 | M-Mortgage |
| 3 | 12 | $1,890.33 | N-Mortgage/Lease Arrears |

    This matter came before the Court upon the notice and motion of the trustee in the above-referenced Chapter 13 case pursuant to Fed. R. Bank. P. 3002(f)-(i) and Local Rule of Bankruptcy Practice and Procedure 3003-1 (f)(3), for an order determining that the mortgage loan account of the real property creditor SETERUS INC, including any of its successors, assignees, or transferees, (hereinafter the "real property creditor") has been brought contractually current by trustee payment, including the cure by the trustee of any pre-petition and post-petition account arrearages, and instructing the debtors to resume making direct monthly payments on the mortgage loan account.

    After timely notice and opportunity for hearing on the trustee's notice and motion to all affected parties in interest, and no party in interest has requested a hearing, the Court **finds and concludes** as follows:

    1. Pursuant to prior administrative order of the Court and as confirmed by Court order entered on October 04, 2013 with any subsequent amendments or modifications, the debtors' Chapter 13 plan proposed to treat the real property creditor's mortgage loan claim as a conduit mortgage claim, with all post-petition conduit payments, as well as the cure of any pre-petition and post-petition arrearages and payment of any cost advances or other contractual expense claims filed with the Court and provided for by the plan, to be made through the Chapter 13 trustee.

    2.   The real property creditor did file with the Court and serve on the debtors, the debtors' counsel and the trustee the statement required by Fed. R. Bank. P. 3002.1(g) indicating that it agreed with the representations as set forth in the trustee's notice and motion.

    3.   The trustee has made all of the required payments on account of the mortgage loan claims of the real property creditor, including the cure of any pre-petition and post-petition arrearages, as required by the Court's administrative orders, the order confirming plan and other applicable law, and the mortgage loan account should be determined to be current by trustee payment through August 2018.

    4.   Due to the real property creditor's failure to maintain an updated disbursement mailing address with the Clerk of the Bankruptcy Court, certain of the trustee disbursements have now been paid into the Court pursuant to 11 U.S.C. Section 347(a).

    5.   The debtors should be ordered to resume making direct mortgage payments to the real property creditor with the first of such direct payments to be credited by the real property creditor for the payment contractually due for September 2018.

    Based upon the foregoing, **IT IS HEREBY ORDERED** as follows:

    1.   The mortgage loan account of SETERUS INC is deemed current by trustee payment, including the cure of any pre-petition and post-petition arrearages, through August 2018.

    2.   The real property creditor shall show upon its books and records that all conduit payments, arrearages, interest, costs and expenses that have accrued on the mortgage loan account through August 2018 have now been satisfied by trustee payment.

    3.   The debtors shall resume making the direct mortgage payments directly to the real property creditor with the first of such direct payments to be credited by the real property creditor for the payment contractually due for September 2018.

    4.   In the event that the real property creditor, the current servicer or any subsequent assignee or holder of the mortgage debt attempts to collect any of these discharged principal payments, interest, fees or expenses, such action shall constitute a willful violation of the discharge injunction and contempt of the orders of this Court; and such action shall give the right to the debtors to pursue a proceeding before this Court for contempt and appropriate sanctions and such other state and federal statutory remedies as may be available to the debtors and that this Court shall specifically retain jurisdiction over any such claim or claims.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court

{:20180906102440:}